**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**                                      **Criminal Action No. 1:19CR28
(Judge Keeley)**

**CORY SMITH,**

       **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 564]**

Pending is the motion for compassionate release filed by the defendant, Cory Smith ("Smith") pursuant to 18 U.S.C. § 3582(c)(1)(A), (Dkt. No. 564). Because Smith failed to apply to the warden for release and therefore has not exhausted his administrative remedies, the Court **DENIES** his motion.

Following his conviction for aiding and abetting distribution of methamphetamine, the Court sentenced Smith to 57 months of incarceration, followed by 3 years of supervised release, on March 12, 2021 (Dkt. No. 540). Currently, Smith is incarcerated at FCI Fort Dix and, with the inclusion of good conduct credit, has a projected release date of August 15, 2023.[1]

On November 1, 2021, Smith filed a pro se motion seeking compassionate release based on his underlying medical conditions

---

[1] See Federal Bureau of Prison, https://bop.gov/inmateloc/ (results for Register No. 66858-060) (last visited December 7, 2021).

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 564]**

and increased risk of contracting COVID-19 while incarcerated (Dkt. No. 564). Upon receipt, the Court entered a briefing schedule (Dkt No. 565).

On December 7, 2021, the Government filed its written response in opposition to Smith's motion in which it asserted that he had failed to exhaust his administrative remedies because he never requested compassionate release from the warden at FCI Fort Dix prior to filing his motion (Dkt. No. 573 at 8-9). It further contended that no extraordinary and compelling reasons exist that warrant reducing Smith's sentence. Id. at 9-11. While his preexisting medical conditions may increase his risk of contracting COVID-19 and suffering from possible virus-related complications, he has refused to protect himself through vaccination and, given the BOP's management of the virus, his risk of contracting COVID-19 at FCI Fort Dix is negligible. Finally, the Government asserted that the Court should not reduce Smith's sentence after considering the relevant sentencing factors. Id. at 12-14. His motion is now ripe for review.

Once imposed, a Court may not modify a term of imprisonment except in specific, limited circumstances. See United States v. McCoy, 981 F.3d 271 (4th Cir. 2020). One of these circumstances, compassionate release pursuant to 18 U.S.C. § 3582, permits courts to reduce the term of imprisonment after completing the following

Case 1:19-cr-00028-IMK-MJA   Document 586   Filed 12/20/21   Page 3 of 4   PageID #: 2245

USA V. SMITH                                                        1:19CR28-1
MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 564]

three-step inquiry: (1) has the defendant exhausted all administrative remedies; (2) are there extraordinary and compelling reasons for a sentence reduction; and (3) is a sentence reduction consistent with all relevant sentencing factors listed in 18 U.S.C. § 3553(a). See United States v. High, 997 F.3d 181, 185-86 (4th Cir. 2021).

A defendant who moves for compassionate release must "exhaust his remedies with his warden and the BOP before filing his own motion for compassionate release." McCoy, 981 F.3d at 283. This non-jurisdictional requirement is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on [his] behalf and either fully exhausts all administrative rights to appeal the [BOP's] decision or waits 30 days from the date of [his] initial request to file a motion in the district court." United States v. Muhammad, 16 F.4th 126, 131 (4th Cir. 2021).

Here, Smith has not satisfied the administrative exhaustion requirement of § 3582(c)(1)(A). In response to the Government's inquiry, administrators at FCI Fort Dix have stated that "no record can be found that [Smith] ever submitted a request for compassionate release to the warden" (Dkt. No. 573 at 9). Because he did not attempt to exhaust his remedies with the BOP before filing his own motion for compassionate release, Smith has failed

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 564]**

to exhaust his administrative remedies. McCoy, 981 F.3d at 283. The Court therefore **DENIES** his motion for compassionate release **WITHOUT REJUDICE** (Dkt. No. 564).

The Court **DIRECTS** the Clerk to transmit copies of this Order to Smith, via certified mail, return receipt requested, and to counsel of record and all appropriate agencies by electronic means.

DATED: December 20, 2021

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE